## CAROLINE ESTY *vs.* JOHN S. WILMOT.

The abuse of legal authority, which will make a person a trespasser *ab initio*, is the abuse of some special and particular authority given by law; and the doctrine does not apply to the case of an agent in a factory, who uses improper force in ejecting a disorderly person employed there. And a different ruling may be revised upon exceptions, although not specifically objected to before verdict.

ACTION OF TORT for assault and battery. Trial and verdict for the plaintiff in the superior court in Middlesex, at September term 1859, before *Vose*, J., who signed this bill of exceptions:

" There was evidence tending to prove that the plaintiff was an operative in one of the mills in Lowell, and the defendant had charge of the section of the room where the plaintiff worked; that the plaintiff, while the defendant was near her work, in consequence of some words or act on his part, indignantly spit in his face; that the defendant communicated this fact to the principal overseer of the room, and asked what he should do with her; that the overseer told him, if the girl did not obey him, to put her out of the room; that the defendant then approached the plaintiff, and ordered her to leave the room; that the plaintiff said she would not go; that the defendant seized or struck her, and she ran from him; that the defendant followed her, striking or pushing her, seized her again, and drew or dragged her out of the room; that about sixty females were employed in this room; and that it was made the duty of the overseers to maintain good order and discipline in their rooms, and to discharge and eject operatives who are disorderly or unruly.

" The court ruled, and charged the jury, that if the plaintiff had been disorderly, and had committed any act affecting the discipline and good order of the room, or the success of the work carried on in the room, or creating disturbance in the room, the defendant had a right, under the direction of the overseer, to order her out, and, on her refusal to go, to use a sufficient and proper force to eject her from the premises; and if during the process of ejecting her from the room he used unnecessary and

improper force and violence towards her, he thereby became a trespasser *ab initio*, and would be liable for all his acts.

" The defendant did not object to this part of the charge at the time it was given, and asked for no instructions as to the extent of the liability of the defendant on account of any excessive force used by him. The defendant, feeling aggrieved by the above ruling, excepts thereto."

*W. P. Webster*, for the defendant.

*D. S. Richardson & G. F. Richardson*, for the plaintiff. The defendant, if liable, was liable as a trespasser *ab initio*. *Six Carpenters' case*, 8 Co. 146. And he cannot take advantage of an objection which he did not make at the trial. *Brigham v. Wentworth*, 11 Cush. 123. *Reed v. Call*, 5 Cush. 14. *Wait v. Maxwell*, 5 Pick. 217. *Leach v. Woods*, 14 Pick. 461.

HOAR, J. The distinction made in the *Six Carpenters' case*, 8 Co. 146, that "when an entry, authority or license is given to any one by the law, and he doth abuse it, he shall be a trespasser *ab initio*; but where an entry, authority or license is given by the party, and he abuses it, there he must be punished for his abuse, but shall not be a trespasser *ab initio*," has been frequently recognized and applied in this Commonwealth, and is a familiar one. It is most commonly applied in cases of trespass to real estate where the original entry could not be resisted, being independent of the will or consent of the owner. It is also applicable in the case of officers serving legal process. The reason for the distinction, most commonly approved by modern text writers and judicial decisions, is this; that an officer or other person acting by authority of law shall not be allowed to avail himself of it as an instrument of oppression. As the citizen is bound to submit to it without resistance, and has no opportunity to make provisions or stipulations for his own security, the exercise of the legal power is made conditional upon pursuing it wholly within legal limits. The abuse is held to be a forfeiture of the whole protection which the law gives to the act which it allowed. Bac. Ab. Trespass, B. *State v. Moore*, 12 N. H. 42. 1 Smith's Lead. Cas. (5th Am. ed.) 216–221. *Allen v. Crofoot*, 5 Wend 506.

But the abuse of the authority of law, which makes a man a trespasser *ab initio*, is the abuse of some special and particular authority given by law, and has no reference to the general rules which make all acts lawful which the law does not forbid. And we are of opinion that the instruction given to the jury in the case now before us was erroneous, because the defendant was not in the exercise of any authority conferred by law, within the meaning of the rule in the *Six Carpenters' case*, when he committed the assault complained of. He had the legal right to use the kind and degree of force necessary and appropriate to protect his person, and his employers' property, from the disorder and misconduct of the plaintiff. But the parties stood on equal terms in this respect. Their relation to each other was created by contract, and the right of the defendant to remove the plaintiff from the room for misbehavior was an incident to that relation.

By the rules of pleading, if a defendant pleads a justification to an assault, the plaintiff must plead specially in reply any fact upon which he relies, to show that the defendant became a trespasser *ab initio*. But where the plaintiff relies upon proving an excess of force, no special replication is necessary, but he may reply that the assault was committed *de injuria, absque tali causa;* because the defendant must prove a justification commensurate with the force used. *Hannen* v. *Edes*, 15 Mass. 347. *Dole* v. *Erskine*, 35 N. H. 503. *Bennett* v. *Appleton*, 25 Wend. 371.

The instruction given to the jury obviously extended to the whole grounds of defence, and was not of such a casual or incidental nature that the defendant was in fault for not calling attention to its inaccuracy before the jury retired.

*Exceptions sustained.*